UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 20-CR-115-JPS |
| DEANGELO M. GLOVER, | **ORDER** |
| Defendant. | |

1.  **INTRODUCTION**

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited Apr. 24, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at*

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited Apr. 24, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In January 2024, Defendant DeAngelo Glover ("Defendant") filed a motion to reduce his term of imprisonment based on this retroactive provision of Amendment 821. ECF No. 50. Defendant explicitly references "status points" so the Court construes his motion as one under the Status Point Amendment. *Id.* at 1. Defendant filed a second motion in February 2024, seeking the same relief and also moving for appointment of counsel. ECF No. 53. For the reasons stated below, the Court finds Defendant is not eligible for a sentence reduction under Amendment 821 and must deny these motions.

Additionally, Defendant filed a "motion seeking to preserve a right to challenge the constitutionality of his 18 U.S.C. § 922(g)(1) conviction and sentence." ECF Nos. 51, 52 at 2 (supporting brief arguing that Defendant "is presently suffering a potential sentence that was illegally handed down" by the Court). That motion will also be denied.

2. **LAW AND ANALYSIS**

   2.1 **Motion for Sentence Reduction**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1]

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

"[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to some exceptions. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant received status points for his offense, so he broadly fits within the group of offenders who can be considered for sentence reductions under the Status Point Amendment. *Materials Relating to the 2023 Criminal History Amendment*, "Who is Eligible for Retroactive Application?". When he was sentenced, the United States Probation Office for the Eastern District of Wisconsin ("Probation") determined, and the parties agreed, that Defendant had nine criminal history points—including two status points—which resulted in a criminal history category of IV. ECF No. 32 at 17 (Presentence Investigation Report); ECF No. 40 at 2.

However, he is not eligible for a reduced sentence under the Status Point Amendment because, even taking into account the one-point decrease

in criminal history points resulting from the Status Point Amendment, Defendant's criminal history category remains unchanged. U.S.S.G. § 5A (sentencing table providing that a defendant who has 7, 8, or 9 criminal history points has a criminal history category of IV). Because there is no change to the advisory Sentencing Guidelines construct in his case, the Court finds no basis in Amendment 821 to reduce Defendant's sentence. U.S.S.G. § 1B1.10(a)(2)(B). Accordingly, the Court need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

### 2.2 Motion to Preserve § 922(g)(1) Issue

In October 2020, Defendant pleaded guilty to a count of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 16. About two years later, the United States Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen* promulgated a new test, focused on the history and tradition of firearms regulation, for determining whether a state law regulating gun ownership is consistent with the Second Amendment of the federal Constitution. *See generally* 597 U.S. 1 (2022) (hereinafter "*Bruen*"). *Bruen* was about a New York state civil law regulating gun ownership, not the federal statute criminalizing felon possession of firearms, but federal courts across the country are now examining the impact of the case in the criminal context. *See, e.g.*, *Atkinson v. Garland*, 70 F.4th 1018, 1020 (7th Cir. 2023) (remanding case for application of *Bruen* analysis to § 922(g)(1)). The Seventh Circuit has not yet ruled on whether § 922(g)(1)'s prohibition on felon firearm possession is

consistent with the Second Amendment as construed in *Bruen*. *Id.* The issue has not reached the United States Supreme Court.[2]

Defendant invokes *Bruen* as possibly invalidating his conviction and sentence. ECF Nos. 51, 52. He seeks to "preserve" the issue for challenge or appeal should § 922(g)(1) be found unconstitutional. ECF No. 52 at 1. His motion is unnecessary, however. It is far too late for him to raise this issue on direct appeal. *See* Fed. R. App. P. 4(b)(1) (providing that an appeal must be filed within fourteen days of entry of judgment). He could conceivably raise it on a motion under 28 U.S.C. § 2255, which allows criminal defendants to challenge convictions that violate "right[s] [that are] newly recognized by the [United States] Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, his motion to preserve the issue indicates that he wants to raise it *if and when* § 922(g)(1) is found unconstitutional. That has not yet happened in the United States Supreme Court, which is the only court that can find new rules of criminal law retroactively applicable.

Because there is not yet a basis in binding legal authority to raise such a challenge, Defendant need not preserve the issue. If binding legal authority emerges that would support making a *Bruen*-based argument that Defendant's statute of conviction is unconstitutional, he may do so via

---

[2]Neither this Court nor any other judge in this District has found § 922(g)(1) inconsistent with the Second Amendment. *See United States v. Davis*, No. 22-CR-210-JPS, 2024 WL 490581, at *6–7 (E.D. Wis. Feb. 8, 2024) (collecting cases and noting that "there is no consensus on the issue among the district courts of the Seventh Circuit" but that the "two district judges and two magistrate judges in this District . . . [who] have . . . addressed the question . . . have rejected such challenges").

Page 5 of 6
Case 2:20-cr-00115-JPS   Filed 04/24/24   Page 5 of 6   Document 54

motion under § 2255, provided he does so within the time period stated in 28 U.S.C. § 2255(f)(3).

### 3. CONCLUSION

For the reasons stated above, the Court declines to reduce Defendant's sentence under Amendment 821; Defendant's request for appointment of counsel is denied as moot; and his motion to preserve the § 922(g)(1) issue is denied. In the months remaining until his release, the Court encourages Defendant to focus his efforts on taking advantage of the rehabilitative and educational opportunities available to him in the prison setting.

Accordingly,

**IT IS ORDERED** that Defendant DeAngelo Glover's motions to reduce his term of imprisonment pursuant to the 2023 Amendments to the United States Sentencing Guidelines and for appointment of counsel, ECF Nos. 50 and 53, be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** Defendant DeAngelo Glover's motion to preserve a right to challenge the constitutionality of his 18 U.S.C. § 922(g)(1) conviction and sentence, ECF No. 51, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge